IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02427-CMA

KEITH FRAZIER,

    Applicant,

vs.

PEOPLE OF THE STATE OF COLORADO, et al.,

    Respondents.

---

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

CHRISTINE M. ARGUELLO, District Judge

This matter is before the Court on Petitioner Keith Frazier's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Habeas Application") filed on December 22, 2008.[1] (Doc. # 5). Respondents filed a Preliminary Response on May 19, 2009. (Doc. # 21). Petitioner filed a traverse on September 18, 2009 (Doc. # 27).

## I. BACKGROUND

The following facts are taken from the Habeas Application (Doc. # 5), Respondents' Preliminary Response (Doc. # 21), and all attachments and exhibits with respect to these documents.

Petitioner asserts in his Habeas Application that the following conduct by the Weld County courts violated his Fourteenth Amendment due process and equal

---

[1] Petitioner originally filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on November 8, 2008. (Doc. # 3). The Court thereafter ordered Petitioner to file an amended application under 28 U.S.C. § 2241.

protection rights, and constitutes cruel and unusual punishment prohibited by the Eighth Amendment: (1) the county court's denial of his petition to discontinue sex offender registration, pursuant to COLO. REV. STAT. ("C.R.S.") § 16-22-113(1)(c) (2005); (2) the county court's refusal to appoint counsel to represent him in conjunction with his petition to discontinue sex offender registration; and, (3) the district court's decision affirming the orders of the county court.

**A.    PROCEDURAL HISTORY**

1.    State Court Proceedings

On October 2, 1997, Petitioner pled guilty, in the county court for Weld County, Colorado, to two class II misdemeanor counts of indecent exposure to a person under fifteen years of age under C.R.S. § 18-7-203 (1997) (the "96M1951 convictions"). Petitioner was sentenced to three years of probation. On January 16, 2001, Petitioner's probation was revoked and he was sentenced to six months of work release for each conviction, to be served concurrently. Petitioner's work release privilege was revoked on March 3, 2001 and he completed the remainder of his sentence in jail. He was released from jail on July 3, 2001. Petitioner is required to register as a sex offender as a result of his 96M1951 convictions. C.R.S. § 16-22-103(1)(c) (2002).

After his release from jail, Petitioner was convicted of additional misdemeanor offenses in March 2002 – driving with a suspended license, assault on a civilian, assault on a police officer, and misdemeanor theft. In June 2002, he was convicted of two

felony charges of burglary of a dwelling. Petitioner is currently serving a prison sentence with the Colorado Department of Corrections for the 2002 convictions.

On July 6, 2006, Petitioner filed a petition to discontinue sex offender registration in the county court for Weld County, pursuant to C.R.S. § 16-22-113(1)(c) (2005). The statute provides that a person required to register as a sex offender under C.R.S. § 16-22-103(1)(c) may file a petition to discontinue the sex offender registration requirement with the court "if the offense that required such person to register constituted or would constitute a misdemeanor other than the class 1 misdemeanor of unlawful sexual contact, . . . , or sexual assault in the third degree . . . , after a period of five years from the date of such person's final release from the jurisdiction of the court for such offense," so long as the person has not subsequently been convicted of an offense predicated on unlawful sexual behavior.

Petitioner argued in his petition to the county court that he had completed his sentence for the 96M1951 convictions and registered as a sex offender for the requisite five years. The county court initially appointed the Colorado Public Defender to represent Petitioner at a hearing on his petition, but granted the Public Defender's motion to withdraw on the ground that a hearing terminating mandatory sex offender registration was not a criminal proceeding, and, therefore, Petitioner was not entitled to representation by the Public Defender. *See* C.R.S. § 21-1-104(1)(a) (2005) ("the Public Defender is not permitted to represent individuals on non-criminal matters"). The county court denied the petition following a hearing and ordered Petitioner to register as a sex

3

offender pursuant to C.R.S. § 16-22-113(1)(c) after his release from incarceration. Petitioner's motion for reconsideration was denied.

Petitioner thereafter appealed to the Weld County district court. The district court affirmed the county court's denial of Petitioner's request for appointment of counsel and the court's denial of Petitioner's petition to discontinue sex offender registration. The district court interpreted C.R.S. § 16-22-113(1)(c) to require a sex offender to be a member of the community for five years as a prerequisite to petitioning the trial court to discontinue sex offender registration. The district court determined that because Petitioner is incarcerated, "his five year wait under C.R.S. § 16-22-113(1)(c) will not start until he is done serving that time and released into the community." Preliminary Response (Doc. # 16) attachment at 9.

Petitioner filed a Notice of Appeal with the Colorado Court of Appeals, which was dismissed for lack of jurisdiction under C.R.S. §§ 13-4-102(1)(f) and 13-6-310 (2007). Petitioner's request for certiorari review by the Colorado Supreme Court was denied on August 18, 2008.

2. <u>Federal Habeas Proceedings in this Court</u>

Respondents filed a Preliminary Response to the Habeas Application on April 21, 2009, conceding that the Application is timely under 28 U.S.C. § 2244(d) and that Petitioner exhausted his state court remedies for the claims asserted. (Doc. # 16). On May 4, 2009, the Court ordered Respondents to file an Answer to the Habeas Application, conforming to the requirements of Rule 5 of the Rules Governing Section

4

2254 cases, on or before May 22, 2009. (Doc. # 19). Respondents filed a second Preliminary Response on May 19, 2009. (Doc. # 21). Respondents contend that Petitioner is not entitled to relief under 28 U.S.C. § 2241 because he was not "in custody" on the 96M1951 convictions at the time he filed his Habeas Application, nor is he challenging the execution of his current convictions as a violation of federal law. (Doc. # 21, at 2-3.) Petitioner timely filed a traverse on September 18, 2009. (Doc. # 27.)

## II. ANALYSIS

The Court does not reach the merits of the Petitioner's claims because the Court finds that it lacks subject matter jurisdiction over the Habeas Application under 28 U.S.C. § 2241. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'")(quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Pursuant to 28 U.S.C. § 2241(c), "[t]he writ of habeas corpus shall not extend to a [state] prisoner unless – . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States." The custody requirement is jurisdictional. *Maleng v. Cook*, 490 U.S. 488, 490 (1989). An individual seeking habeas corpus relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng*, 490 U.S. at 490-91 (citing *Carafas v. LaVellee*, 391 U.S. 234, 238

(1968)). The custody requirement extends beyond physical custody to encompass severe restraints on an individual's liberty imposed because of the individual's criminal conviction, which are not shared by the public generally. *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (finding that convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court); *Jones v. Cunningham*, 371 U.S. 236, 240-43 (1963) (holding that parolee was "in custody" under his unexpired sentence because his release from physical confinement was conditioned upon on his reporting regularly to parole officer, remaining in a particular community, residence and job, and refraining from certain activities). However, once the sentence imposed for a conviction has expired, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

It is undisputed that Petitioner has completed his sentence for the 99M1951 convictions. Petitioner argues, however, that his convictions continue to impose significant restraints on his liberty because the state court has ordered that he register as a sex offender upon his release from prison, and annually thereafter for a period of at least five years. Petitioner emphasizes that his current convictions are not predicated on unlawful sexual behavior. Petitioner maintains that relief under 28 U.S.C. § 2241 is appropriate because he remains subject to sex offender registration requirements until 2024 (five years after his mandatory release date for the 2002 convictions),

approximately 23 years after his 96M1959 convictions expired, and eighteen years later than authorized by Colorado statute.

The Tenth Circuit Court of Appeals has not addressed whether an individual subject to Colorado's sex offender registration statute, but whose conviction and sentence have expired, can challenge the registration requirements in a habeas corpus proceeding under 28 U.S.C. § 2241. However, all of the circuit courts to consider the issue have determined that the burdens imposed by a state sex offender registration statute do not meet the custody requirement of the habeas corpus statutes.[2]  *See Virsnieks v. Smith,* 521 F.3d 707, 720 (7th Cir. 2008) (reasoning that Wisconsin's sexual offender registration requirement is a collateral consequence rather than a significant restraint on the petitioner's liberty sufficient to satisfy the "in custody" prerequisite for federal habeas corpus review); *Leslie v. Randle,* 296 F.3d 518, 521-23 (6th Cir. 2002) (same conclusion under Ohio's statute)[3]; *Henry v. Lungren,* 164 F.3d 1240, 1241-42 (9th Cir. 1999) (California statute); *McNab v. Kok,* 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon statute)*; Williamson v. Gregoire,* 151 F.3d 1180, 1184-85 (9th Cir. 1998) (Washington statute). Federal district court decisions are in accord. *See Coleman v. New Jersey*, No. 09-6308, 2010 WL 1707031, at *3 (D. N.J. April 27, 2010)

---

[2]  28 U.S.C. § 2254(a) also requires that a state prisoner challenging the legality of his conviction be "in custody."

[3]  The Court notes that in *Virsnieks* and *Leslie*, the respective petitioners filed a habeas action challenging the state's sex offender registration laws while they were still incarcerated. The Circuit Courts held that even though the petitioners were incarcerated, they were not challenging their convictions or sentences, and, therefore, had to meet the custody requirement of the habeas statute. *Virsnieks*, 521 F.3d at 718-20; *Leslie*, 296 F.3d at 521-23;

7

(unpublished)[4] (collecting district court cases holding that the requirement to register as a sex offender imposed by state statutes does not satisfy the custody requirement of federal habeas review).

In *Williamson*, the petitioner was a convicted child molester who had completed his sentence when he sought habeas relief. *Id.* at 1181. As a registered sex offender, he was required to notify the state (by mail or in person) of his address every year or when he intended to move. *Id.* at 1181-83. The Ninth Circuit Court of Appeals determined that the sex offender registration constraints did not impose a significant restraint on the petitioner's physical liberty so as to satisfy the custody requirement for federal habeas relief because the petitioner was not prevented from traveling or required to be present in a specific place. *Id.* at 1183-85. In *Virsnieks*, the Seventh Circuit likewise rejected the habeas petitioner's argument that the burdens imposed on him by Wisconsin's sex offender registration statute satisfied the habeas statute's custody requirement. 521 F.3d at 719-20. The *Virsnieks* court noted that the Wisconsin statute was similar to the Washington statute addressed in *Williamson* in that it allowed registration by mail or telephone. *Id.*

Petitioner argues that Colorado's sex offender registration statute imposes more severe restraints than other state statutes because Colorado requires an individual to register in person, rather than by mail or telephone. The Court finds, however, that the additional minimal burden imposed by the requirement to register in person does not

---

[4] A copy of the *Coleman* decision is attached to this Order as Ex. 1.

materially distinguish Colorado's sex offender registration statute from the state statutes addressed by the Seventh and Ninth Circuits as a more significant restraint on individual liberty. The Colorado statute does not restrict an individual's ability to travel or move, but simply requires that the individual register initially with the local law enforcement office where the individual resides, register annually thereafter, and advise the local law enforcement office of any changes in certain personal information. *See* C.R.S. § 16-22-108 (2009).

The Ninth Circuit has recognized that state statutes containing requirements similar to the Colorado statute, and which also mandate in-person registration, do not render an individual subject to those requirements "in custody" under the federal habeas statutes. *See Henry*, 164 F.3d at 1242 (addressing California's sex offender registration statute which requires in-person registration and noting that the difference between the Washington statute and the California statute was minimal); *see also McNab*, 170 F.3d at 1247 (concluding that even if the Oregon statute requires sex offenders to register in person, the statute imposed no greater restraint on personal liberty than the California and Washington statutes). Indeed, the Sixth Circuit concluded in *Leslie* that a requirement in Ohio's sex offender registration statute that certain sex offenders verify their address in-person every *ninety days* did not impose a significant restraint on liberty

9

because the statute did not condition the individual's "ability to move to a different community or residence . . . on approval by a government official." 296 F.3d at 522.[5]

Accordingly, although Colorado's sex offender registration statute places burdens on sex offenders that are not shared by the public generally, the Court finds that the registration requirements applicable to Petitioner are collateral consequences of his 96M1951 convictions that have a negligible effect on his physical liberty or movement, and therefore fail to satisfy the custody requirement of 28 U.S.C. § 2241. Notably, Colorado's sex offender registration requirements are remedial, not punitive. *See Mayo v. People*, 181 P.3d 1207, 1212 (Colo. App. 2008) (interpreting C.R.S. § 16-22-112(1) (2007)); *People v. Stead*, 66 P.3d 117, 120 (Colo. App. 2002) (stating that intent of the General Assembly in enacting the sex offender registration provisions "is not to inflict additional punishment, but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety"). The remedial nature of the sex offender registration statute supports the conclusion that the requirements are a collateral consequence of conviction rather than a significant restraint on liberty. *See Virsnieks*, 521 F.3d at 720; *Williamson*, 151 F.3d at 1184; *Leslie*, 296 F.3d at 523.

Petitioner also argues that he is entitled to relief under 28 U.S.C. § 2241 because failure to comply with Colorado's sex offender registration statute may result in incarceration. This Court agrees with other federal courts that have recognized that a

---

[5] The Colorado sex offender registration statute has a provision similar to the Ohio statute, requiring individuals convicted of certain crimes to register every ninety days. C.R.S. § 16-22-108(1)(d)(I). However, Petitioner is not subject to that provision based on his convictions. C.R.S. § 16-22-108(1)(d)(II).

threat of future incarceration dependent entirely upon the individual's own choice not to comply with the law, without any present restraint on liberty, does not satisfy the custody requirement. *See e.g. Virsnieks*, 521 F.3d at 720; *Williamson*, 151 F.3d at 1184; *cf. Maleng*, 490 U.S. at 492 (holding that a habeas petitioner does not "remain 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted").

The Court finds and concludes that it lacks subject matter jurisdiction over the Habeas Application because Petitioner is not "in custody" as required by 28 U.S.C. § 2241.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner Keith Frazier's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 5) is DENIED for lack of subject matter jurisdiction. Further, it is ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED this __16th__ day of July, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge